In the Matter of the Claim of SALVATORE RIZZUTO, Respondent, against PRUDENTIAL INSURANCE COMPANY, Employer, and THE TRAVELERS INSURANCE COMPANY, Insurance Carrier, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award of the State Industrial Board noticed December 26, 1935. The claimant was injured in his employment April 27, 1934. On June 7, 1934, he filed an election to sue third parties, and brought an action in which four persons were named as defendants, three of whom were not served. On November 6, 1935, the action was discontinued without release and without the consent of the employer or carrier. On the first hearing when all parties were present, the carrier insisted that the action be continued to judgment, but the Board held that the discontinuance was proper, and that the employer or carrier was not prejudiced thereby, as they still had about a year and a half after the award within which to bring its action against the third party. Award affirmed, with costs to the State Industrial Board. Hill, P. J., McNamee, Crapser and Heffernan, JJ., concur; Rhodes, J., dissents. (See *Matter of Breitel* v. *Hinderstein*, 261 N. Y. 556.)

In the Matter of the Claim of KARL KRAKAT, Respondent, against HARRY B. WEATHERWAX and Another, as Receivers of the UNITED TRACTION COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal by the self-insured employer from an award of the State Industrial Board granting claimant compensation for 100 per cent permanent loss of use of left eye and excusing his failure to give written notice of injury within the time prescribed by section 18 of the Workmen's Compensation Law. Claimant was injured by a chip of steel striking him in his left eye and causing a traumatic cataract as the result of which he suffered a 100 per cent loss of vision of the eye. The appellant here questions the causal relation and the excuse of failure to give notice. The claimant testified that he reported the accident to his foreman at the time it happened and also that two of his fellow coemployees attempted to give him first aid. The employer failed to send claimant to a doctor and the day following the accident he was laid off. There is medical evidence that the cataract was caused by the trauma. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.